UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DWAYNE BAILEY,<br><br>                Petitioner,<br><br>    v.<br><br>UNKNOWN,<br><br>                Respondent. | Case No. EDCV 11-1513-ODW (JEM)<br><br>MEMORANDUM AND ORDER DISMISSING PETITION WITH LEAVE TO AMEND |

       On September 1, 2011, Steven Dwayne Bailey ("Petitioner"), a state prisoner proceeding pro se, filed a petition for writ of habeas corpus ("Petition") in the Eastern District of California. On September 16, 2011, the Petition was transferred to this Court.

       The Court's review of the Petition reveals that it suffers from the following deficiencies:

       1.    Petitioner has failed to use the approved Central District habeas form. See Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts (authorizing the District Court by Local Rule to require that habeas petitions be filed in a form prescribed by the Local Rule); Local Rule 83-16.1.

       2.    Petitioner has failed to name a proper respondent. If Petitioner chooses to file an amended petition, he must name as the respondent the warden of the state prison where

he is incarcerated currently (i.e., the prison warden of the California State Prison-Corcoran). See 28 U.S.C. § 2242; see also Rumsfeld v. Padilla, 542 U.S. 426, 436 (2004); Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and the Advisory Committee Notes thereto.  The Ninth Circuit has held that the failure to name the correct respondent destroys personal jurisdiction.  See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

* * * *

For the foregoing reasons, the Petition is **DISMISSED WITH LEAVE TO AMEND**.  If Petitioner elects to pursue this action, he is **ORDERED** to file an amended petition rectifying the deficiencies identified above no later than **November 7, 2011**.  The clerk is directed to send Petitioner a blank Petition for Writ of Habeas Corpus form for this purpose.

The amended petition shall reflect the same case number as the petition, be clearly labeled "First Amended Petition," and be filled out completely.  Petitioner shall name the proper respondent.  In Paragraph 7 of the First Amended Petition, Petitioner shall specify **separately and concisely** each federal constitutional claim that he is pursuing and answer all of the questions pertaining to each such claim.  If Petitioner attaches a supporting memorandum of points and authorities, the arguments therein should correspond to the claims listed in Paragraph 7 of the habeas petition form and should not include any additional claims.

Petitioner shall immediately notify the Court of any change to Petitioner's address.  If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute and failure to comply with a court order. See Local Rule 41-6.

1 | Finally, Petitioner is cautioned that his failure to file a First Amended Petition by November 7, 2011, may result in a recommendation that this action be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order. No extension of this deadline will be granted absent a showing of good cause.

**IT IS SO ORDERED.**

DATED: October 7, 2011            */s/ John E. McDermott*
                                            JOHN E. MCDERMOTT
                                          UNITED STATES MAGISTRATE JUDGE